The defendant William Rud was convicted in the district court of Cass county of the crime of embezzlement as defined in § 9931, Comp. Laws 1913. His motion for a new trial was denied and judgment was entered on the verdict. He appeals from the order denying such motion and from the judgment.
In December 1919, the defendant William Rud promoted and organized the Great Northern Fuel and Material Company, a North Dakota corporation. In January 1920, Rud was elected president, treasurer and manager of the corporation. Its business was the buying and selling of fuel and building material. Rud's salary as manager was fixed at $150 a month and 15 per cent of the net earnings of the concern. He continued as president, treasurer and manager during the years 1920, 1921 and 1922. The annual stockholders' meetings were held in the month of January. At the annual meeting held in January 1921, Rud made reports as to the financial condition of the corporation and as to the business transacted in 1920. He did the same in 1922 *Page 397 
for the year 1921 and in 1923 for the year 1922. He made in each instance two statements, one purporting to show the financial condition of the concern generally, and the other purporting to show the business done during the preceding year. This latter statement purported to show the fuel and material bought and sold, the expenses of conducting the business and the net earnings; that is, the excess of receipts from sales of merchandise over the cost thereof and the expense of carrying on the business. This latter statement was the one which was used in determining Rud's commission on net earnings. Each year this report showed net earnings, and each year Rud claimed and was allowed 15 per cent of the net earnings as shown by such reports. Rud was in charge of the office and books of the company. The bookkeeping was done by him or under his direction. Apparently there never was an audit of his accounts until after a meeting of the stockholders in January 1924. It was then discovered that the corporation was hopelessly insolvent. Complaint was made to the state's attorney of Cass county and a warrant was issued for Rud's arrest on a charge of embezzlement. The specific charge was that of embezzling $241.35, the amount claimed by Rud as commission on the net earnings for 1922, and which as treasurer and manager of the corporation he had paid to himself out of the funds of the company.
The state predicated its case on the theory that Rud falsely and fraudulently represented that the business of the company for the year 1922 resulted in net earnings of $1,609.82; that Rud claimed, took and retained a commission of 15 per cent of that amount, or $241.35; that in fact there were no net earnings for the year in question and that Rud was entitled to no commission. The cause was tried and submitted to the jury on this theory.
The defendant admitted that he claimed and received the item of $241.35 as commission on net earnings of the company for the year 1922. He grounded his defense on two propositions: First, that the company made net earnings in 1922 in the amount as claimed by him of $1,609.82 and the commission thereon was authorized by a vote of the directors of the corporation. Second, that even though net earnings in the amount of $1,609.82 had not been earned, nevertheless, he made the claim for and received the commission thereon openly and avowedly and in good faith. Consistently with these contentions the defendant *Page 398 
on this appeal challenges: (1) The sufficiency of the evidence to sustain the verdict; (2) The propriety of certain rulings of the trial court on questions of evidence; and (3) The instructions under which the cause was submitted to the jury. After a careful consideration of the record we are forced to the conclusion that the evidence is insufficient to sustain the verdict. It therefore is unnecessary to pass upon the merits of defendant's other assignments of error.
The state was compelled to and did rely almost wholly upon the books and records of the corporation in making its case. All of the bookkeeping was done by the defendant or under his direction. He had charge of all the books and records. The books were miserably kept. They show inaccuracies, erasures and changes. Various items were improperly charged or credited, or not charged or credited at all. There is evidence tending to show that changes in the records were made after an investigation of the conduct of the business was begun. A number of pages apparently containing material entries are missing from the journal and ledger. No explanation is given as to where these missing pages are, or why they are missing. It appears from the records that the corporation incurred obligations for money borrowed at various times. In making up the various financial statements, the defendant did not take into consideration all of these items. In the statement rendered in January, 1923, obligations aggregating more than $6,000 were wholly omitted and disregarded. It is at least open to question on the record, however, whether the particular obligations so omitted were incurred during the year 1922 or prior thereto. The state throughout the trial contended, with respect to these obligations, that it was necessary to take them into account in determining the amount of net earnings for the year 1922. The theory of the state was that all of the indebtedness of the corporation, including the $6,000 of omitted obligations, must be taken into account in determining what the net earnings for 1922 were, if any, regardless of the time when such indebtedness was incurred. On the other hand, the defendant contended throughout the trial and now contends that there was a cut off at the end of 1921; that his salary for 1922 was fixed at $150 per month and 15 per cent of the net earnings that might be made during that year; that obligations for money borrowed, whether in that year or prior years, were not material in determining the net earnings for *Page 399 
1922; that in determining such earnings only charges and expenses incurred during that year might be taken into consideration; that reckoned in this wise there were in fact net earnings in the amount of $1,609.82 as represented by the defendant on which the commission of $241.35 was based; that therefore there was no misappropriation of money or property of the company on the part of the defendant when he claimed and received the commission of $241.35, the amount charged to have been embezzled by him. It appears that a resolution fixing the defendant's salary for the following year at $150 per month and 15 per cent of all net earnings was passed each year at the directors' meeting following the annual stockholders' meeting, and that salary and commission were paid in accordance with such resolutions. Such a resolution was the basis of the defendant's claim for salary and commission in 1922. So it is clear that the net earnings were to be reckoned on each year's business. It is equally clear that in making the reckoning as to the net earnings the amount of indebtedness carried over from the preceding year was not to be taken into consideration. In fact we cannot see how the indebtedness whensoever incurred (other than the current interest charge) could affect the question of net earnings. Now the record fails to establish that the indebtedness which was omitted in the defendant's annual financial statement was incurred in 1922. Neither does the record establish that the total amount of sales of merchandise by the company during the year 1922 did not exceed the actual cost of such merchandise, plus the charges and expenses of carrying on the business, and the depreciation in value of the company's property in the sum of $1,609.82 as claimed by the defendant. The amount which the state contends was embezzled by the defendant was allowed to him by resolution of the directors of the corporation. It was received and retained by him pursuant to such resolution. The burden was upon the state, as the trial court properly charged, to establish that it was falsely and fraudulently appropriated by him. To establish such false and fraudulent appropriation, the state was required to show that the net earnings for the year 1922 were not in fact as represented by the defendant in his report to the directors. This the state has failed to do and therefore the evidence is insufficient to sustain the verdict returned by the jury. On another trial, however, it may be possible for the state to supply the deficiencies in the proofs necessary to make its case. *Page 400 
The order and judgment appealed from are reversed and a new trial ordered.
CHRISTIANSON, Ch. J., and BURKE, JOHNSON, and BIRDZELL, JJ., concur.